IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**[2] DERECK MUÑOZ-NIEVES,**<br>**a/k/a "Macaco,"**<br>Defendant. | **CRIMINAL NO. 18-023 (PAD)** |




## PLEA AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, **Dereck Muñoz-Nieves**, and Defendant's counsel, Francisco Rebollo-Casalduc, Esq., pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

**1. Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Counts One, Three, Four, Five, Seven, Nine, Thirteen, and Fifteen of the Second Superseding Indictment, which charge as follows:



Count One (carjacking of 2010 Mitsubishi Outlander):

> On or about January 12, 2018, in the District of Puerto Rico and within the jurisdiction of this Court, the defendants, . . . , [2] DERECK MUÑOZ-NIEVES, a/k/a "MACACO," . . . , aiding and abetting each other, with the intent to cause death and serious bodily harm, did take a motor vehicle from the person and presence of A.B.C and D.E.F., that is, a 2010 Mitsubishi Outlander, VIN JA4AS3AX1AZ000270, a vehicle that had been transported, shipped and received in interstate and foreign

commerce, by force, violence, and intimidation. All in violation of 18 U.S.C. §§ 2119(1) and 2.

Count Three (carjacking of 2005 Infinity FX-35):

On or about January 13, 2018, in the District of Puerto Rico and within the jurisdiction of this Court, the defendants, . . . , [2] DERECK MUÑOZ-NIEVES, a/k/a "MACACO," . . . , aiding and abetting each other, with the intent to cause death and serious bodily harm, did take a motor vehicle from the person and presence of U.V.W. and X.Y.Z., that is, a 2005 Infinity FX-35, VIN JNRAS08WX5X213348, a vehicle that had been transported, shipped and received in interstate and foreign commerce, by force, violence and intimidation. All in violation of 18 U.S.C. §§ 2119(1) and 2.

Count Four (brandishing a firearm during and in relation to Infinity carjacking):

On or about January 13, 2018, in the District of Puerto Rico and within the jurisdiction of this Court, the defendants, . . . , [2] DERECK MUÑOZ-NIEVES, a/k/a "MACACO," . . . , aiding and abetting each other, did knowingly brandish, carry and use a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, 18 U.S.C. § 2119(1), as charged in Count Three. All in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.

Count Five (carjacking of KTM 450 motorcycle resulting in death):



On or about January 13, 2018, in the District of Puerto Rico and within the jurisdiction of this Court, the defendants, . . . , [2] DERECK MUÑOZ-NIEVES, a/k/a "MACACO," . . . , aiding and abetting each other and other persons known to the Grand Jury, took a motor vehicle, a red and white all-terrain KTM 450 motorcycle with an unknown license plate, that had been transported, shipped, and received in interstate and foreign commerce, from and in the presence of A.A.T. by force, violence, and intimidation, with the intent to cause death and serious bodily harm, resulting in the death of A.A.T., in violation of 18 U.S.C. §§ 2119(3) and 2.

Count Seven (robbery of Tripletas Mixtas Ruiz):

On or about January 14, 2018, in the District of Puerto Rico and within the jurisdiction of this Court, the defendants, . . . , [2] DERECK MUÑOZ-NIEVES, a/k/a "MACACO," . . . , aiding and abetting each

other and other persons known to the Grand Jury, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. § 1951, and the movements of articles and commodities in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, in that the defendants, did unlawfully take and obtain property from Tripletas Mixtas Ruiz, consisting of U.S. currency, from and in the presence of R.R.R. and J.M.A., against their will by means of actual and threatened force, violence, and fear of injury, immediate and future to their person, in violation of 18 U.S.C. §§ 1951 and 2.

Count Nine (carjacking of Toyota Tacoma resulting in death):

On or about January, 14, 2018, in the District of Puerto Rico and within the jurisdiction of this Court, the defendants, . . . , [2] DERECK MUÑOZ-NIEVES, a/k/a "MACACO," . . . , aiding and abetting each other and other persons known to the Grand Jury, took a motor vehicle, a 2010 gray Toyota Tacoma, with VIN: 5TFLU4EN5FX115111, that had been transported, shipped, and received in interstate and foreign commerce, from and in the presence of J.M.R. by force, violence, and intimidation, with the intent to cause death and serious bodily harm, resulting in the death of J.M.R., in violation of 18 U.S.C. §§ 2119(3) and 2.

JR
D.E.M.N

Count Thirteen (robbery of El Invader business):

On or about January 11, 2018, in the District of Puerto Rico and within the jurisdiction of this Court, the defendants, . . . , [2] DERECK MUÑOZ-NIEVES, a/k/a "MACACO," . . . , aiding and abetting each other and other persons known to the Grand Jury, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. § 1951, and the movements of articles and commodities in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, in that the defendants, did unlawfully take and obtain property from El Invader business, consisting of U.S. currency, from and in the presence of P.Q.R., against his will by means of actual and threatened force, violence, and fear of injury, immediate and future to his person, in violation of 18 U.S.C. §§ 1951 and 2.

Count Fifteen (carjacking of Mitsubishi Lancer):

On or about November 24, 2017, in the District of Puerto Rico and within the jurisdiction of this Court, the defendants, . . . , [2] DERECK MUÑOZ-NIEVES, a/k/a "MACACO," . . . , aiding and abetting each other, with the intent to cause death and serious bodily harm, did take a motor vehicle from the person and presence of G.H.I. and J.K.L., that is, a white Mitsubishi Lancer, license plate IIZ181, a vehicle that had been transported, shipped and received in interstate and foreign commerce, by force, violence, and intimidation. All in violation of 18 U.S.C. §§ 2119(1) and 2.

Defendant pleads guilty to those counts as they are charged in the Second Superseding Indictment.

**2. Maximum Penalties**

Counts One, Three, and Fifteen: The statutory penalties for each of the offenses charged in Counts One, Three, and Fifteen of the Second Superseding Indictment are a term of imprisonment of not more than fifteen years, pursuant to 18 U.S.C. § 2119(1); a fine not to exceed two hundred and fifty thousand dollars, pursuant to 18 U.S.C. § 3571(b)(3); and a supervised-release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).



Counts Five and Nine: The statutory penalties for each of the offenses charged in Counts Five and Nine of the Second Superseding Indictment are a term of imprisonment of up to life, pursuant to 18 U.S.C. § 2119(3); a fine not to exceed two hundred and fifty thousand dollars, pursuant to 18 U.S.C. § 3571(b)(3); and a supervised-release term of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1).

Counts Seven and Thirteen: The statutory penalties for each of the offenses charged in Counts Seven and Thirteen of the Second Superseding Indictment are a

term of imprisonment of up to twenty years, pursuant to 18 U.S.C. § 1951; a fine not to exceed two hundred and fifty thousand dollars, pursuant to 18 U.S.C. § 3571(b)(3); and a supervised-release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

Count Four: The statutory penalties for the offense charged in Count Four of the Second Superseding Indictment are a term of imprisonment of not less than seven years and up to life, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii); a fine not to exceed two hundred and fifty thousand dollars, pursuant to 18 U.S.C. § 3571(b)(3); and a supervised-release term of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1).

**3. Sentencing Guidelines Applicability**

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

**4. Special Monetary Assessment**

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

**5. Fines and Restitution**

The Court may, pursuant to Section 5E1.2 of the Guidelines, order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

**6. Sentence to be Determined by the Court**

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

JR

D.E.M.N

DPR

INTENTIONALLY LEFT BLANK

## 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| Groups | **Count 1** | **Count 3** | **Count 5** | **Count 7** | **Count 9** | **Count 13** | **Count 15** |
|---|---|---|---|---|---|---|---|
| Description of crime | 1/12/18 Outlander Carjacking | 1/13/18 Infinity FX Carjacking | 1/13/18 Motorcycle Carjacking | 1/14/18 Tripletas Robbery | 1/14/18 Tacoma Carjacking | 1/11/18 El Invader Robbery | 11/24/17 Lancer Carjacking |
| Cross-reference for murder under USSG §§ 2B3.1(c) & 2A1.1 | | | 43 | 43 | 43 | 43 | |
| Base offense level under USSG § 2B3.1(a) | 20 | 20 | - | - | - | - | 20 |
| Offense involved carjacking, USSG § 2B3.1(b)(5) | 2 | 2 | - | - | - | - | 2 |
| Dangerous weapon was brandished, USSG § 2B3.1(b)(2)(E) | 3 | - | - | - | - | - | 3 |
| **Total Offense Level per Group** | **25** | **22** | **43** | **43** | **43** | **43** | **25** |
| | | | | | | | |
| Units per group under U.S.S.G. § 3D1.4 | - | - | 1 | 1 | 1 | 1 | - |

JR

D.E.M.D

| **Determining the Combined Offense Level for Counts One, Three, Five, Seven, Nine, Thirteen, and Fifteen** | |
|---|---|
| "Offense level applicable to the Group with the highest offense level," U.S.S.G. § 3D1.4 | 43 |
| Offense level enhancement under U.S.S.G. § 3D1.4 based on number of units | 4 |
| 3-level reduction for timely acceptance of responsibility, U.S.S.G. § 3E1.1. | -3 |
| **Combined Total Offense Level** | 44 |

Count Four: With respect to Count Four, U.S.S.G. § 2K2.4(b) establishes that the advisory Guidelines sentence is the minimum term of imprisonment required by statute, that is, seven years, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii).

**8. Sentence Recommendation**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to make the following recommendations at sentencing.

With respect to Count One (Outlander carjacking), Count Three (Infinity carjacking), and Count Fifteen (Lancer carjacking), at sentencing the parties will jointly recommend as to each of those counts imprisonment sentences of 180 months (i.e., 15 years), to be served concurrently with each other.

As to Count Five (motorcycle carjacking) and Count Nine (Toyota Tacoma carjacking), at sentencing the parties will recommend imprisonment sentences on each of those counts within a range of 228 to 276 months (i.e., 19 to 23 years), to be served concurrently with each other and concurrently with the imprisonment sentences on Counts One, Three, and Fifteen.

With respect to Count Seven (Tripletas Mixtas Ruiz robbery) and Count Thirteen (El Invader robbery), at sentencing the parties will recommend as to each of those counts imprisonment sentences within a range of 228 to 240 months (i.e., 19 to 20 years), to be served concurrently with each other and concurrently with the imprisonment sentences on Counts One, Three, Five, Nine, and Fifteen.

Regarding Count Four (i.e., violation of 18 U.S.C. § 924(c)(1)(A)(ii)), at sentencing the parties will jointly recommend imprisonment of 84 months (i.e., 7 years), to be served consecutively with any other sentence.

Therefore, at sentencing the parties will recommend total imprisonment within a range of 312 to 360 months (i.e., 26 to 30 years).

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

**9. No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for Defendant.



**10. Waiver of Appeal**

DPR



Defendant knowingly and voluntarily agrees that, if the total combined imprisonment sentence for all counts of conviction in this case is 30 years or less, the Defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

**11. No Further Adjustments or Departures**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by

Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

**12. Satisfaction with Counsel**

Defendant is satisfied with counsel, Francisco Rebollo-Casalduc, Esq., and asserts that counsel has rendered effective legal assistance.

**13. Rights Surrendered by Defendant Through Guilty Plea**

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:



a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

**14. Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

**15. Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

**16. Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

**17. Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

**18. Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

**19. Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the indictment, information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

**20. Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen

may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**21. Felony Conviction**

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which may result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

**22. Dismissal of Remaining Counts**

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Second Superseding Indictment pending against Defendant in this case.

W. STEPHEN MULDROW
United States Attorney

Jonathan L. Gottfried
Assistant U.S. Attorney
Chief, Violent Crimes and
National Security Division
Dated: 5/19/22

Juan Carlos Reyes-Ramos
Assistant U.S. Attorney
Dated: 5/18/2022

Francisco Rebollo-Casalduc, Esq.
Counsel for Defendant
Dated: 8-3-22

Dereck Muñoz-Nieves
Defendant
Dated: 8-3-22

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 8-3-22

Dereck Muñoz-Nieves
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 8-3-22

Francisco Rebollo-Casalduc, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, defendant Dereck Muñoz-Nieves (hereinafter, "Defendant") admits that Defendant is guilty as charged in the Second Superseding Indictment and admits the following:

Count One (1/12/18 Mitsubishi Outlander carjacking):

On January 12, 2018, Defendant and others, all aiding and abetting each other and with the intent to cause serious bodily harm, did knowingly take a 2010 Mitsubishi Outlander (VIN # JA4AS3AX1AZ000270) motor vehicle close to a Denny's restaurant in Caguas, Puerto Rico, from the person and in the presence of another person, against the person's will, by force, violence, and intimidation. During that carjacking and as part of the plan known beforehand to the Defendant, one of the assailants brandished a dangerous weapon. Prior to January 12, 2018, the Mitsubishi Outlander had been transported, shipped and received in interstate or foreign commerce.

JR D.E.M.N

Count Three (1/13/18 Infinity FX carjacking) and
Count Four (violation of 18 U.S.C. § 924(c)(1)(A)(ii)):

On January 13, 2018, Defendant and others, all aiding and abetting each other and with the intent to cause serious bodily harm, did knowingly take a 2005 Infinity FX-35 (VIN # JNRAS08WX5X213348) motor vehicle at a Burger King restaurant in Isla Verde, Puerto Rico, from the person and in the presence of another person, against the person's will, by force, violence, and intimidation. During and in

relation to that incident and as part of the plan known beforehand to the Defendant, one of the assailants knowingly brandished a firearm at the victim. Prior to January 13, 2018, the Infinity car had been transported, shipped and received in interstate or foreign commerce.

Count Five (1/13/18 Motorcycle carjacking resulting in death):

On January 13, 2018, Defendant and others, all aiding and abetting each other and with the intent to cause death or serious bodily harm, did knowingly take a red and white all-terrain KTM 450 motorcycle motor vehicle at a Puma gas station in Santurce, Puerto Rico, from the person and in the presence of another person, against the person's will, by force, violence, and intimidation. During that incident and as part of the plan known beforehand to the Defendant, one of the assailants knowingly brandished a firearm. At least one of the assailants shot the driver of the motorcycle, resulting in his death. Defendant drove away in the motorcycle. Prior to January 13, 2018, the motorcycle had been transported, shipped and received in interstate or foreign commerce.

JR

D.E.M.D

Count Seven (1/14/18 Hobbs Act robbery of Tripletas Mixtas Ruiz business):

On January 14, 2018, Defendant and others, all aiding and abetting each other, robbed money from a food business called Tripletas Mixtas Ruiz in Cayey, Puerto Rico. The assailants (including Defendant) brandished firearms during the robbery as part of the plan known beforehand to the Defendant. The assailants knowingly took the business's cash register from and in the presence of employees, against their will by means of actual and threatened force, violence, and fear of injury, immediate

and future, to their persons. One of the employees died from gunshot wounds inflicted by at least one of the assailants. Two other employees were injured by gunshot wounds inflicted by at least one of the assailants. On January 14, 2018, Tripletas Mixtas Ruiz was engaged in a food business in interstate commerce and in an industry that affected interstate commerce. Defendant acknowledges that this robbery of Tripletas Mixtas Ruiz affected commerce and the movement of articles and commodities in commerce, as that term is defined in 18 U.S.C. § 1951(b)(3).

Count Nine (1/14/18 Toyota Tacoma carjacking resulting in death):

On January 14, 2018, Defendant and others, all aiding and abetting each other and with the intent to cause death or serious bodily harm, did knowingly take a Toyota Tacoma motor vehicle near the Tripletas Mixtas Ruiz business in Cayey, Puerto Rico, from the person and in the presence of another person, against the person's will, by force, violence, and intimidation. During that incident and as part of the plan known beforehand to the Defendant, at least one assailant knowingly brandished a firearm. The Toyota Tacoma's driver was shot by at least one assailant and died as a result. Defendant and others got into the Toyota Tacoma and drove off. Prior to January 14, 2018, the Toyota Tacoma had been transported, shipped and received in interstate or foreign commerce.

Count Thirteen (1/11/18 Hobbs Act robbery of El Invader business):

On January 11, 2018, Defendant and others, all aiding and abetting each other, robbed money from a food business called El Invader off of Highway 1 in the direction of San Juan. At least one of the assailants brandished a firearm as part of the plan

known beforehand to the Defendant. The assailants knowingly took the business's money from and in the presence of employees, against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons. One of the employees died from gunshot wounds from at least one of the assailants. On January 11, 2018, El Invader was engaged in a food business in interstate commerce and in an industry that affected interstate commerce. Defendant acknowledges that this robbery of El Invader affected commerce and the movement of articles and commodities in commerce, as that term is defined in 18 U.S.C. § 1951(b)(3).

Count Fifteen (11/24/17 Mitsubishi Lancer carjacking):

JR D.E.M.N

On November 24, 2017, Defendant and others, all aiding and abetting each other and with the intent to cause serious bodily harm, did knowingly take a white-colored Mitsubishi Lancer motor vehicle (license plate IIZ181) at the parking lot of a Church's Chicken restaurant in the Catalinas Shopping Mall in Caguas, Puerto Rico, from the person and in the presence of another person, against the person's will, by force, violence, and intimidation. During that incident and as part of the plan known beforehand to the Defendant, one of the assailants knowingly brandished a dangerous weapon. Prior to November 24, 2017, the Mitsubishi Lancer had been transported, shipped and received in interstate or foreign commerce.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in Counts One, Three, Four, Five, Seven, Nine,

Thirteen, and Fifteen of the Second Superseding Indictment. Discovery was timely made available to Defendant for review.

Juan Carlos Reyes-Ramos
Assistant U.S. Attorney
Dated: 5/18/2022

Francisco Rebollo-Casalduc, Esq.
Counsel for Defendant
Dated: 8-3-22

Dereck Muñoz-Nieves
Defendant
Dated: 8-3-22

